UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard M. Osborne, et al., | ) | CASE NO. 1:15 CV 299 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Park View Federal Savings Bank, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Plaintiffs' Motion to Remand to State Court and for Award of Attorney Fees (Doc. 7) and Defendants' Motion to Strike Plaintiffs' Jury Demand (Doc. 12). This case arises from a dispute over a loan. For the reasons set forth below, the motion to remand is GRANTED. This case is remanded to state court. However, plaintiffs' request for costs and fees is denied. The motion to strike is DENIED AS MOOT.

**Facts**

In this removed action, plaintiffs Richard M. Osborne ("Osborne"), Richard M. Osborne Trust, Junior Properties, Ltd., Rigrtona Trust, Chowder Gas Storage Facility, LLC,

1

Lake Shore Gas Storage, Inc., Orwell-Trumbull Pipeline, Co., LLC, Heisley-Hopkins, Inc., Black Bear Realty, Ltd., and Hamilton Partners, Inc. (collectively "plaintiffs") bring suit against defendants "Park View Federal Savings Bank n/k/a First National Bank of Pennsylvania" and F.N.B Corporation.

Plaintiffs are the borrowers and guarantors of a loan ("Chowder Gas Loan") made by Park View Federal Savings Bank ("Park View") in 2008.  On October 12, 2013, Park View merged with First National Bank of Pennsylvania ("FNBPA") and Park View's parent company merged with FNBPA's parent company, F.N.B. Corporation ("FNB"). (Doc. 1 ¶ 4). Plaintiffs are Ohio residents.  Park View was an Ohio resident.  FNBPA is a national banking association with its main office in Pennsylvania.  FNB is a Florida corporation with its principal place of business in Pennsylvania. (Doc. 1 ¶ 31).

On March 3, 2014, plaintiffs brought suit in the Cuyahoga County Court of Common Pleas against "Park View Federal Savings Bank" and FNB.  In the complaint, plaintiffs alleged that "First National Bank of Pennsylvania is offering on secondary debt markets rights beyond the limited right of participation in the Chowder Gas Loan.  Rights greater than a participation interest were never conveyed and the sale and/or transfer of which is precluded by the terms of the Chowder Gas Loan." (Doc. 7-1 ¶ 41).  In the "Parties" section of the complaint, plaintiffs alleged that FNBPA is the banking arm of FNB and that "Park View was a Federally Chartered Savings Bank doing business at a number of locations, including 30000 Aurora Road; Solon, Ohio 44139." (Doc. 7-1 ¶¶ 14,15,17).  Plaintiffs requested the court to "[d]eclare that First National Bank of Pennsylvania may not transfer or sell rights or interests in the loan that were never conveyed."  Plaintiffs also sought to "[e]njoin First National Bank

2

of Pennsylvania from transferring or selling any right, title, or interest in the loan." (Doc. 7-1 p. 10).

On May 7, 2014, FNBPA and FNB jointly filed an answer to the complaint. In January 2015, the state court ordered plaintiffs to amend their complaint to name FNBPA. On January 29, 2015, plaintiffs filed an amended complaint against "Park View Federal Savings Bank n/k/a First National Bank of Pennsylvania" and FNB, which was removed to this Court on February 13, 2015 on the basis of diversity jurisdiction.

This matter is now before the Court upon plaintiffs' motion to remand, which defendants oppose.

**Analysis**

Plaintiffs seek to remand the case, arguing that defendants did not timely remove it to federal court.

One basis upon which to remove an action to federal court where the action could have originally been brought is diversity of citizenship, wherein all parties on one side of the action are diverse from all parties on the other side of the action.[1] *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). The right to remove, however, is subject to strict time limitations. 28 U.S.C. § 1446(b) requires that removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or

---

[1] There is no dispute that the amount in controversy requirement is met in this case.

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The party opposing remand bears the burden of proving diversity jurisdiction. *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

The parties differ on when the thirty-day clock for removal started to run. Defendants contend that this case first became removable when plaintiffs filed an amended complaint. According to defendants, when plaintiffs changed the defendant from "Park View Federal Savings Bank" to "Park View Federal Savings Bank n/k/a First National Bank of Pennsylvania," it could first be ascertained that there was diversity between the parties.

Plaintiffs contend that removal was untimely. They argue that defendants were aware of all the facts necessary for removal since the time this case was originally filed in state court in March 2014. Defendants knew that Park View, and its Ohio citizenship, had ceased to exist and that FNBPA, with its Pennsylvania citizenship, was its successor. As such, when the complaint was filed, Ohio residents were not on both sides of the case and diversity jurisdiction existed.

After review, the Court agrees that removal was untimely. Ohio law provides that when a merger becomes effective,

> [t]he separate existence of each constituent entity other than the surviving entity in a merger shall cease, except that whenever a conveyance, assignment, transfer, deed, or other instrument or act is necessary to vest property or rights in the surviving or new entity, the officers, general partners, or other authorized representatives of the

4

> respective constituent entities shall execute, acknowledge, and deliver those instruments and do those acts. For these purposes, the existence of the constituent entities and the authority of their respective officers, directors, general partners, or other authorized representatives is continued notwithstanding the merger or consolidation. Ohio Rev. Code § 1701.82

FNBPA, the surviving corporation, is a citizen of Pennsylvania. Therefore, the parties have been diverse since this case began. *See Medows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (concluding under a similar California merger statute that there was diversity jurisdiction because the surviving corporation was diverse from the plaintiff although its predecessor was not); *Sentry Mktg., Inc. v. Unisource Worldwide, Inc.*, 42 F. Supp. 2d 188, 191 (N.D.N.Y. 1999) (finding under New York law, where the separate existence of the merged corporation ceases, that the citizenship of the entity for diversity purposes is that of the surviving corporation). *See also* 13F Charles A. Wright et al., Federal Practice and Procedure § 3623 (3d ed. 2009) ("When two or more corporations merge the citizenship question arises, but the answer comes much more easily than in the dissolution context. The cases seem to be in agreement that the citizenship of the surviving entity is controlling; the citizenship of the predecessor company becomes irrelevant.").

But, moreover, FNBPA *filed an answer* to the original state court complaint on May 7, 2014. *See* Doc. 7.2 "Answer by First National Bank of Pennsylvania and F.N.B. Corporation to the Plaintiffs' Complaint." Defendants' characterization of this as "mistaken" is not persuasive. The Court notes that FNBPA filed other papers over several months in the state court purportedly as a defendant prior to removal to this Court. It is defendants' burden to establish that removal is proper, and all doubts are to be resolved in favor of the state court's retention of jurisdiction. Defendants have failed to meet that burden. The record is devoid of

5

any evidence that FNBPA was unaware of this case from its inception. Indeed, the evidence points to the contrary. As such, removal in February 2015 was untimely. *See Brown v. New Jersey Mfrs. Ins. Group*, 322 F. Supp. 2d 947 (M.D. Tenn. 2004) (finding that defendant who was not named in the initial complaint could not remove after it was properly named in the complaint where it had notice of the case from its inception); *Iulianelli v. Lionel, L.L.C.* 183 F. Supp. 2d 962 (E.D. Mich. 2002) (collecting cases where courts refused to extend the removal period where there was a misnamed defendant). The case is remanded to state court.

In addition to seeking remand, plaintiffs ask this Court to award costs and fees based on defendants' improvident removal of this action. The award of attorney fees in connection with a motion under 28 U.S.C. § 1447(c) "is within the sound discretion of the district court." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F. 3d 910, 914 (6th Cir. 2007). Based on a review of defendants' brief in opposition, the Court finds that an award of costs and fees is not appropriate.

### **Conclusion**

For the reasons set forth above, the motion to remand is GRANTED. The motion to strike is DENIED AS MOOT. The case is hereby remanded to Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/29/15